IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:12-CV-8-BO

| | | |
|---|---|---|
| MARY F. JACKSON-HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIZABETH CITY STATE UNIVERSITY and DAVID BEJOU, | ) ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on a motion (D.E. 25) filed by defendants Elizabeth City State University and David Bejou (collectively "defendants") to seal an exhibit (D.E. 24) filed in response to plaintiff's motion to compel (D.E. 21). The motion to seal is unopposed. (D.E. 26). For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the exhibit sought to be sealed was filed in connection with a motion to compel discovery and not in support of any motion that seeks dispositive relief, and therefore the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D.

Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir.1984)).

Here, defendants seek the sealing of the aforementioned exhibit because it contains sensitive financial information designated as confidential under the terms of the Protective Order (D.E. 18) in this case. Defendants contend that sealing the information is needed to preserve its confidentiality. The court agrees that the information is of a confidential nature. It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motion was filed on 25 January 2013. No opposition to this motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibit in question contains confidential financial information produced pursuant to a stipulated protective order entered in this case, the court finds that alternatives to sealing do not exist at the present time.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that defendants' motion to seal (D.E. 25) is ALLOWED. The Clerk shall retain the filing at Docket Entry 24 under permanent seal in accordance with Local Civil Rule 79.2, E.D.N.C.

This, the 11 day of February 2013.

James E. Gates
United States Magistrate Judge

3