IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:12-CV-8-BO

| | |
|---|---|
| MARY F. JACKSON-HEARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ELIZABETH CITY STATE UNIVERSITY ) | |
| and DAVID BEJOU, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on a motion (D.E. 21) by plaintiff Mary Jackson-Heard ("plaintiff") to compel discovery from defendant David Bejou ("Bejou"). The motion has been fully briefed[1] and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 24). For the reasons set forth below, the motion will be denied.

## BACKGROUND

Plaintiff commenced this employment discrimination action in 2012. (Compl. (D.E. 3)). In her complaint, she alleges that she was employed as a professor of accounting by defendant Elizabeth City State University ("ECSU"). (Compl. ¶ 9). Bejou was the Dean of the School of Business at ECSU. (*Id.* ¶ 10). Plaintiff alleges that ECSU and Bejou unlawfully discriminated against her on the basis of her race, sex, and age when they terminated her employment in May of 2011. (*Id.* ¶ 23). She asserts claims against ECSU for race discrimination (*Id.* ¶¶ 28-32) and sex discrimination (*Id.* ¶¶ 33-37) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[1] In support of her motion to compel, plaintiff filed a memorandum (D.E. 22). Bejou filed a memorandum (D.E. 23) with exhibits (D.E. 23-1- through 23-6; 24) in opposition.

§§ 2000e *et seq.*, and for age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA") (*Id.* ¶¶ 38-42). She asserts a race discrimination claim against Bejou individually pursuant to 42 U.S.C. § 1981. (*Id.* ¶¶ 43-47). She seeks injunctive relief, and compensatory and punitive damages from both defendants. (*Id.* at 7, Prayer for Relief). ECSU and Bejou deny the material allegations in plaintiff's complaint. (*See generally* Ans. to Compl. (D.E. 9)).

On 2 November 2012, plaintiff served on Bejou an interrogatory and related document request seeking information concerning Bejou's net worth.[2] (Interr. No. 9 (Mot. 1); Prod. Req. No. 17 (*id.*)). Bejou objected to these discovery requests on grounds that they are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Resp. to Interr. No. 9 (*id.*); Resp. to Prod. Req. No. 17 (*id.* at 2)). Following the failure to resolve the issue (*see id.* at. 2), plaintiff filed the instant motion to compel Bejou to produce the requested financial information.

## DISCUSSION

**I.    APPLICABLE LAW**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

---

[2] Specifically, Interrogatory No. 9 asks: "What are your assets, liabilities, and income as of the date of your answers to these interrogatories and the close of discovery? Include and describe all assets and liabilities with a value of greater than $500, and specify whether it is an asset or liability of you alone or with others. Include and describe all sources of income. (Mot. 1). Document Request No. 17 seeks: "All documents concerning your net worth and income as of the date of your responses to these requests and as of the close of discovery, including personal financial statements, financial account statements, and pay documents." (*Id.*).

> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B).

It is undisputed that "a defendant's financial position or net worth is relevant to the issue of punitive damages." *George Golf Design, Inc. v. Greenbrier Hotel, Inc.*, No. 5:10–01240, 2012 WL 5284510, at *3 (S.D. W. Va. 23 Oct. 2012); *see also Stamathis v. Flying J, Inc.,* 389 F.3d 429, 442 (4th Cir. 2004)("[A] defendant's financial position is a proper consideration in assessing punitive damages."). However, a number of courts have required a prima facie showing of entitlement to punitive damages before requiring production of sensitive financial information. *E.E.O.C. v. Maha Prabhu, Inc.*, 3:07–CV–111–RJC–DCK, 2008 WL 4126681, at *4 (W.D.N.C. 18 July 2008) (holding that tax returns are relevant to a punitive damages claim only after a plaintiff makes a prima facie showing that it is entitled to punitive damages) (citing *Water Out Drying Corp. v. Allen*, No. 3:05cv353–MU, 2006 WL 1642215, at *2 (W.D.N.C. 7 June 2006)); *Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 105 (E.D.N.C.1993)

3

(deferring production of financial information until after punitive damages claim survives a motion to dismiss or for summary judgment).

## II. PLAINTIFF'S DISCOVERY REQUESTS

The court finds that plaintiff has not demonstrated that the discovery she seeks is relevant at this time. Most basically, she has not shown that she is entitled to punitive damages.

Furthermore, after plaintiff filed her motion, Bejou supplemented his interrogatory response, providing his annual salary as well as a chart of his assets, debts, and net worth. (Supp. Resp. to Int. No. 9 (D.E. 24) 2-3). Thus, Bejou has provided plaintiff almost all the information requested in the interrogatory as of the time of the supplemental response.[3] Although he did not produce the documentary back-up for this information sought in the production request, she has not demonstrated a present need for such documentation.

The court concludes that plaintiff is not presently entitled to the relief she seeks. The motion will therefore be denied.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 21) to compel discovery be DENIED. This denial is without prejudice to plaintiff renewing the motion, provided that any such renewed motion shall be supported by, *inter alia*, a prima facie showing that she is entitled to punitive damages. Each party shall bear its own expenses incurred in connection with the motion, the court finding that the award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

---

[3] Bejou also argues that he has an insurance policy that covers punitive damages, a copy of which he has provided plaintiff, and that his net worth is therefore not relevant. (Bejou's Mem. 2). The court need not address this argument given its disposition of the motion on other grounds.

4

SO ORDERED, this the 15th day of February 2013.

James E. Gates
United States Magistrate Judge

5